UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRISON LYNN COLWELL,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:17-cv-00075<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes HARRISON LYNN COLWELL ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of COMENITY BANK ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 47 year old person residing at 5305 N. Meridian Rd., Austin, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff was issued a consumer credit card through Defendant which he used to make purchases of household goods and services. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9. After using the consumer credit card, Plaintiff would regularly make payments to Defendant. *See* Exhibit A.

10. Unfortunately, Plaintiff defaulted on his contractual payments to Defendant. *Id.*

11. Following Plaintiff's failure to pay the consumer credit card he started receiving collection calls from Defendant to his cellular phone, (812) XXX-5010. *Id.*

12. The number that Defendant would regularly call Plaintiff from was (844) 271-2650. *Id.*

13. On the calls that Plaintiff spoke with a live representative, he would experience a brief pause after answering and before being connected with someone. *Id.*

14. In or around January 2017, Plaintiff spoke with Defendant and instructed it to cease contacting him. *Id.*

15. Despite Plaintiff's demand, Defendant continued to place calls to his cellular phone. *Id.*

16. Plaintiff told Defendant to stop calling an additional 2-3 times after the initial request in January 2017. *Id.*

17. Plaintiff estimates that Defendant has called 20-30 since he told them to stop calling in January 2017 up to the date of this filing. *Id.*

18. Faced with the realization that Defendant would not cease contacting him despite requests to do so, Plaintiff authorized CLP to bring the instant proceeding.

19. Plaintiff has suffered financial loss as a result of Defendant's actions.

20. Plaintiff has incurred charges and expenses that he would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

21. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions.
.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Finally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

26. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, HARRISON LYNN COLWELL respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT II– VIOLATIONS OF THE
## INDIANA DECEPTIVE CONSUMER SALES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The IDCSA states:

4

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a).

31. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

32. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

33. Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

34. Defendant violated I.C. 24-5-0.5-3 (a) by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact him. Plaintiff specifically told Defendant not to contact him anymore. However, Defendant ignored Plaintiff's prompts and continued to seek payment from him.

35. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

36. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2).

5

38. As pled in paragraphs 18 through 22, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

39. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, HARRISON LYNN COLWELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: April 27, 2017                    Respectfully submitted,

                                         s/ Daniel M. Spector
                                         Daniel M. Spector, Esq. #6301224
                                         Counsel for Plaintiff
                                         Admitted in the Southern District of Indiana
                                         Consumer Law Partners, LLC
                                         435 North Michigan Avenue
                                         Chicago, IL 60611
                                         (267) 422-1000 (phone)
                                         (267) 422-2000 (fax)
                                         Daniel.s@consumerlawpartners.com